# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Thomas P. Clifford,

           Plaintiff,

      v.

Patterson Companies, Inc. and
Patterson Medical Supply, Inc.,

           Defendants.

Case No.: 1:08-cv-00828

**DEFENDANTS' ANSWER AND
AFFIRMATIVE AND ADDITIONAL
DEFENSES**

Honorable Joan H. Lefkow

---

Defendants Patterson Medical Supply, Inc. (referred to herein and by Plaintiff's Complaint as "Patterson Medical") and Patterson Companies, Inc. (with both Defendants collectively referred to herein as "Defendants"), for their Answer and Affirmative and Additional Defenses to the Complaint of Plaintiff Thomas P. Clifford ("Plaintiff"), state and allege in response to the numbered paragraphs of the Complaint as follows:

**COMPLAINT ¶ 1**: Plaintiff brings this action against Defendants to recover damages proximately caused by Defendants' discriminatory and retaliatory acts in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 2000e et seq. ("Title VII").

**ANSWER**:  Paragraph 1 of the Complaint contains Plaintiff's description of the case, to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff purports to pursue this claim of employment discrimination and retaliation, states that the Complaint speaks for itself, and deny any allegations that may be contained within the paragraph.  Defendants further deny that Plaintiff's Complaint states a valid claim under any statute or common law, or that Plaintiff is entitled to any relief whatsoever.  Defendants deny any remaining allegations in this paragraph 1 of the Complaint.

**COMPLAINT ¶ 2**:  This Court has original jurisdiction over Plaintiff's ADEA and Title VII claims under Section 7(b) of the ADEA, Section 5(f) of Title VII, 29 U.S.C. §626(b), and 29 U.S.C. § 1337.

**ANSWER**:  Defendants admit that Plaintiff purports to invoke jurisdiction pursuant to said statutes, but deny that Plaintiff has stated a valid claim for relief under any statute, or that Plaintiff is entitled to any relief whatsoever.  Defendants deny any remaining allegations in this paragraph 2 of the Complaint.

**COMPLAINT ¶ 3**:  Venue is proper in this Court in that Defendants' illegal acts complained of herein took place within the geographical boundaries of this Court's jurisdiction.

**ANSWER**:  Defendants admit that Plaintiff asserts that venue is proper, but deny that Plaintiff has stated a valid claim for relief or that Plaintiff is entitled to any relief whatsoever. Defendants deny any remaining allegations in this paragraph 3 of the Complaint.

**COMPLAINT ¶ 4**:  On July 27, 2006, Plaintiff, Thomas P. Clifford (hereafter "Thomas"), filed timely charges of illegal retaliation and age discrimination against Defendants (Charge No. 440-2006-07217), with the local district office of the EEOC.  On June 19, 2007, Thomas filed a timely amendment to Charge No. 440-2006-07217 with the EEOC, alleging additional acts of discrimination and retaliation by Defendants.

**ANSWER**:  Defendants admit that Plaintiff appears to have filed Charge 440-2006-07217 with the Equal Employment Opportunity Commission ("EEOC") against Patterson Medical, which appears to have been received by EEOC on July 25, 2006, alleging age discrimination and retaliation, and that he apparently signed a statement attempting to add a claim of constructive discharge to his claims, which appears to have been received by EEOC on June 19, 2007.  Defendants further state that to the extent this allegation relates to written instruments, those documents speak for themselves.  Defendants deny that Plaintiff's Charge states a valid claim for relief in any way, and Defendants deny the material allegations contained therein.  Defendants deny any remaining allegations in this paragraph 4 of the Complaint.

**COMPLAINT ¶ 5**: On December 13, 2007, the EEOC issued its Notice of Right to Sue in connection with Thomas' amended Charge No. 440-2006-07217. Thomas has filed this Complaint within 90 days of his receipt of the EEOC Right to Sue Notice.

**ANSWER**: Defendants admit that EEOC issued a Notice of Right to Sue upon Plaintiff's request, and that the Notice was dated December 13, 2007. Defendants deny that Plaintiff's Charge states a valid claim for relief in any way, and Defendants deny the material allegations contained therein. Defendants deny any remaining allegations in this paragraph 5 of the Complaint.

**COMPLAINT ¶ 6**: Thomas is a 64 year old individual (DOB: August 27, 1943) residing at all relevant times in Marlton, New Jersey.

**ANSWER**: Defendants admit that Plaintiff purports to have been born on August 27, 1943, and that he claims to reside in Marlton, New Jersey. Defendants lack information sufficient with which to form a belief as to the truth or falsity of the allegations contained in this paragraph 6 of the Complaint, and accordingly, denies any and all such allegations.

**COMPLAINT ¶ 7**: Defendant Patterson Companies, Inc. (hereinafter "Patterson"), is a Minnesota corporation doing business in Illinois through its wholly-owned subsidiary Defendant Patterson Medical Supply, Inc. (hereinafter "Patterson Medical"), and operating within the geographical boundaries of this Court's jurisdiction out of a facility in Bolingbrook, Illinois, where its illegal activities described below took place.

**ANSWER**: Defendants admit that Patterson Companies, Inc. is a Minnesota corporation that does not transact business in Illinois, and that Patterson Medical Supply, Inc. (referred to by Plaintiff as "Patterson Medical") is a subsidiary company that operates in Illinois with a facility in Bolingbrook, Illinois. Defendants deny any remaining allegations in this paragraph 7 of the Complaint.

**COMPLAINT ¶ 8**: Defendant Patterson Medical is a Minnesota corporation registered and licensed to conduct business in Illinois and doing business in Illinois within the geographical boundaries of this Court's jurisdiction out of a facility in Bolingbrook, Illinois, where its illegal activities described below took place.

**ANSWER**:    Defendants admit that Patterson Medical is a Minnesota corporation registered and licensed to conduct business in Illinois, with a facility in Bolingbrook, Illinois. Defendants deny any remaining allegations in this paragraph 8 of the Complaint.

**COMPLAINT ¶ 9**:  Defendants Patterson and Patterson Medical (hereinafter referred to as "Patterson" or "Defendants") are corporations engaged in an industry affecting commerce who each had twenty or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year.  Defendants are thus "employers" within the meaning of the ADEA and Title VII.

**ANSWER**:    Defendants state that the allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff's employer, Patterson Medical, was an employer subject to the ADEA and Title VII, but Defendants deny that Plaintiff was employed by Patterson Companies, Inc., or that Plaintiff has stated a valid claim for relief under any statute, or that Plaintiff is entitled to any relief whatsoever.  Defendants deny any remaining allegations in this paragraph 9 of the Complaint.

**COMPLAINT ¶ 10**:   In February 1997, Thomas began employment with Sammons Preston, Inc. in the position of a Regional Sales Manager.

**ANSWER**:    Defendants admit that, upon information and belief, Plaintiff was employed by a predecessor company in Illinois known as Sammons Preston, and that in February 1997 he held the title Regional Sales Manager – North.  Defendants deny any remaining allegations in this paragraph 10 of the Complaint.

**COMPLAINT ¶ 11**: On or about September 2003, Patterson purchased Sammons Preston, Inc.  Thereafter, Thomas became an employee of Patterson.

**ANSWER**:    Defendants admit that Sammons Preston was acquired and that Plaintiff became an employee of Patterson Medical.  Defendants deny any remaining allegations in this paragraph 11 of the Complaint.

**COMPLAINT ¶ 12**:  In his position as Regional Sales manager for Patterson, Thomas' work performance was at all times above average to excellent.  He received annual merit increases in pay as well as various bonuses and sales awards.

**ANSWER**:    Paragraph 12 contains allegations that are either inaccurate and untrue or overly vague, outdated and ambiguous, or allegations as to which the answering Defendants lack information or knowledge sufficient to respond and accordingly, Defendants state that to the extent this paragraph references written documents, those documents are written instruments that speak for themselves, and Defendants deny any and all allegations in this paragraph 12 of the Complaint.

**COMPLAINT ¶ 13**:  In April 2002, Thomas was promoted to the position of Vice President, US Sales.  His annual salary was increased, his car allowance was increased, and his potential commissions were also greatly increased.

**ANSWER**:    Paragraph 13 contains allegations that are either inaccurate and untrue or overly vague, outdated and ambiguous, or allegations as to which the answering Defendants lack information or knowledge sufficient to respond and accordingly, Defendants state that to the extent this paragraph references written documents that reflect job changes and Plaintiff's apparent promotion to a Vice President, Sales position, those documents are written instruments that speak for themselves, and Defendants deny any and all allegations in this paragraph 13 of the Complaint.

**COMPLAINT ¶ 14**:  In 2003 and 2004, Thomas continued his excellent work for Defendants, and was rewarded with merit salary increases, as well as bonuses and sales awards.

**ANSWER**:    Defendants admit that Plaintiff continued to work for Defendant Patterson Medical in 2003 and 2004 and that he was subject to compensation reviews, which at times included salary increases and/or bonuses.  Defendants deny any remaining allegations in this paragraph 14 of the Complaint.

**COMPLAINT ¶15**:  Toward the end of 2004, Defendants hired Len Tenzer into the position of Senior Vice President, Sales.  Thomas thereafter reported to Mr. Tenzer.

**ANSWER**:   Defendants admit that Patterson Medical hired Len Tenzer in or about September of 2004 to be a Senior Vice President of Sales for Patterson Medical, and that when he began working, Plaintiff reported to Mr. Tenzer.  Defendants deny any remaining allegations in this paragraph 15 of the Complaint.

**COMPLAINT ¶16**:  Mr. Tenzer immediately began to make ageist comments about other employees to Thomas including, but not limited to, "he is really old," "I need someone young in this position," and you have to get someone who is young and attractive and we will teach them to sell.

**ANSWER**:   Paragraph 16 contains allegations that are either legal conclusions, factually inaccurate, untrue, taken out of context, overly vague or ambiguous, or allegations as to which the answering Defendants lack information or knowledge sufficient to respond and accordingly, Defendants deny the allegations in this paragraph 16 of the Complaint.

**COMPLAINT ¶ 17**:  Mr. Tenzer also later began to make various ageist remarks and comments to Thomas about Thomas including, but not limited to, repeatedly asking Thomas how old he was, stating he could not believe Thomas was that old, stating that he assumed Thomas was winding down and was thinking of retirement, stating that Thomas should have enough money to retire, and asking him why he was still working.

**ANSWER**:   Paragraph 17 contains allegations that are either legal conclusions, factually inaccurate, untrue, taken out of context, overly vague or ambiguous, or allegations as to which the answering Defendants lack information or knowledge sufficient to respond and accordingly, Defendants deny the allegations in this paragraph 17 of the Complaint.

**COMPLAINT ¶ 18**:  Due primarily to Mr. Tenzer's age bias and repetitive ageist remarks, Thomas requested a transfer from then Patterson Medical CEO Ed Donnelly.  In January 2005, CEO Donnelly granted Thomas' request, and Thomas' title was changed to Vice President, Business Development.  In that position, he had very little direct contact with Mr. Tenzer.

**ANSWER**:    Defendants admit that Plaintiff's title was changed to Vice President of Business Development in or about January 2005, and that he reported to Mr. Tenzer in that role, and that Mr. Ed Donnelly was then CEO of Patterson Medical.  Defendants deny any remaining allegations in this paragraph 18 of the Complaint.

**COMPLAINT ¶ 19**:  In or around October 2005, Mr. Donnelly left his CEO position. Patterson filled the vacant Patterson Medical CEO position with then Patterson Dental Vice President of Sales, Dave Sproat.  Concurrent therewith, Thomas was again assigned to report to Mr. Tenzer.

**ANSWER**:    Defendants admit that Mr. Dave Sproat succeeded Mr. Ed Donnelly as CEO of Patterson Medical, and that Mr. Sproat had previously worked as a Vice President of Patterson Dental Supply, Inc.  Defendants admit that Plaintiff continued to report to Mr. Tenzer. Defendants deny any remaining allegations in this paragraph 19 of the Complaint.

**COMPLAINT ¶ 20**:  Also in October 2005, Thomas attended a trade show, MedTrade. New CEO Dave Sproat, other employees of Patterson, as well as numerous Patterson vendors and customers also attended MedTrade.  At this trade show, Thomas observed Mr. Sproat drink excessive amounts of alcohol, and heard him make sexist comments, including but not limited to, his statement that the Patterson culture was "work hard, play hard and chase pussy."  Thomas also received various complaints about Mr. Sproat's behavior at MedTrade from both Patterson customers and employees.

**ANSWER**:    Defendants admit that in or about October 2005, Plaintiff attended a trade show, along with other vendors and customers and employees of Patterson Medical.  The remainder of paragraph 20 contains allegations that are either legal conclusions, factually inaccurate, untrue, taken out of context, overly vague or ambiguous, or allegations as to which the answering Defendants lack information or knowledge sufficient to respond and accordingly, Defendants deny the allegations in this paragraph 20 of the Complaint.

**COMPLAINT ¶ 21**:  The following day, while still at MedTrade, Thomas notified Mr. Tenzer of Mr. Sproat's drunk and sexually harassing behavior as well as the complaints he had received from Patterson customers and employees about Mr. Sproat.

**ANSWER**:    Defendants deny the allegations in this paragraph 21 of the Complaint.

**COMPLAINT ¶ 22**:  In early January 2006, Thomas again received complaints from several Patterson regional managers about Mr. Sproat's behavior at a three-day training meeting held in Chicago, Illinois.  These complaints included, but were not limited to, Mr. Sproat drinking excessive amounts of alcohol, being so drunk on two of the evenings that he had to be helped from the bar at closing time, openly groping one or more female employees, following another female employee inside the restroom, being among a group of people who broke into the gift shop to steal beer, failing to show up at work meetings on two mornings until after 11:00 a.m., making sexist comments such as the very same "work hard, play hard, and chase pussy" statement, stating that he was married but had a girlfriend in Texas, and stating that he wanted it understood that there would not be many women moving into management at Patterson Medical.

**ANSWER**:    Defendants admit that in or about January 2006, Plaintiff attended a national sales meeting in the Chicagoland area.    The remainder of paragraph 22 contains allegations that are either legal conclusions, factually inaccurate, untrue, taken out of context, overly vague or ambiguous, or allegations as to which the answering Defendants lack information or knowledge sufficient to respond and accordingly, Defendants deny the allegations in this paragraph 22 of the Complaint.

**COMPLAINT ¶ 23**:    Thomas again immediately notified Mr. Tenzer about the complaints he received regarding Mr. Sproat's drunk and sexually harassing behavior at the January 2006 training meeting.

**ANSWER**:    Defendants admit that in or about January 2006, Plaintiff attended a national sales meeting in the Chicagoland area.    The remainder of paragraph 23 contains allegations that are either legal conclusions, factually inaccurate, untrue, taken out of context, overly vague or ambiguous, or allegations as to which the answering Defendants lack information or knowledge sufficient to respond and accordingly, Defendants deny the allegations in this paragraph 23 of the Complaint.

**COMPLAINT ¶ 24**:  In mid-January, Thomas again spoke with Tenzer concerning the complaints he received regarding Mr. Sproat's drunk and sexually harassing behavior at the early January training meeting.

**ANSWER**:    Paragraph 24 contains allegations that are either legal conclusions, factually inaccurate, untrue, taken out of context, overly vague or ambiguous, or allegations as to which the answering Defendants lack information or knowledge sufficient to respond and accordingly, Defendants deny the allegations in this paragraph 24 of the Complaint.

**COMPLAINT ¶ 25**:  On or about January 17, 2005, Thomas submitted an anonymous complaint about Mr. Sproat's drunk and sexually harassing behavior at the trade show and training meeting in writing to several of Patterson's top management personnel.

**ANSWER**:    Defendants admit that an anonymous letter was submitted in or about January 2006, and that Plaintiff claims to be the author.   To the extent that paragraph 25 references documents, those are written instruments that speak for themselves and Defendants further state that  paragraph 25 contains allegations that are either legal conclusions, factually inaccurate, untrue, taken out of context, overly vague or ambiguous, or allegations as to which the answering Defendants lack information or knowledge sufficient to respond and accordingly, Defendants deny the allegations in this paragraph 25 of the Complaint.

**COMPLAINT ¶ 26**:  About a month later, Thomas asked Mr. Tenzer what was going on with the David Sproat harassment issues and investigation.  Mr. Tenzer told Thomas that he and HR investigated Thomas' complaints about Mr. Sproat, and determined that the people who reported seeing and hearing allegedly inappropriate behavior lied because of their loyalty to former CEO Donnelly.  Mr. Tenzer implied that Thomas was the instigator of such lies, and that Thomas had also been untruthful because of his loyalty to Donnelly.

**ANSWER**:    Paragraph 26 denies the allegations contained in the second and third sentences of this paragraph 26 of the Complaint.  Defendants state that the first sentence is factually inaccurate, untrue, taken out of context, overly vague or ambiguous, and accordingly, Defendants deny the allegations in this paragraph 26 of the Complaint.

**COMPLAINT ¶ 27**:  In late March 2006, Mr. Tenzer demoted Thomas to the position of National Accounts Director effective May 1, 2006.  Concurrent therewith, Thomas' annual salary was decreased by $15,000, and he was placed on a much less generous commissions program.

**ANSWER**:    Defendants admit that effective May 1, 2006 (as communicated sometime in the previous month or two), Mr. Tenzer changed Plaintiff's position and title to National Accounts Director, which included a roughly $15,000 salary reduction.  Defendants deny any remaining allegations in this paragraph 27 of the Complaint.

**COMPLAINT ¶ 28**:  Thereafter, and throughout the Summer of 2006, Mr. Tenzer issued Thomas numerous false and unfounded discipline and performance warnings, including numerous threats that he would terminate Thomas' employment.  Moreover, in many instances Mr. Tenzer held Thomas to higher performance standards than he applied to other similarly situated employees, and generally treated such similar employees more favorably than he treated Thomas.

**ANSWER**:    Defendants deny the allegations contained in this paragraph 28 of the Complaint.

**COMPLAINT ¶ 29**:  On July 17, 2006, Thomas complained to Patterson Medical HR Director Mary Jean Schlueter about Mr. Tenzer's treatment of him and behavior including, but not limited to, his numerous ageist comments about Thomas and other employees, his March 2006 demotion of Thomas, his several instances of false and unfounded discipline and performance warnings, his more favorable treatment of his peers, and what Thomas believed to be his failure to investigate Thomas' complaints about Mr. Sproat's drunk and sexually harassing behavior.

**ANSWER**:    Defendants admit that Plaintiff and Patterson Medical Human Resources Director met on July 17, 2006, and that during that meeting, among other things, Plaintiff raised complaints regarding Mr. Tenzer and alleged age discrimination, and, among other things, identified himself to Ms. Schlueter as the author of the January 2006 anonymous letter, which had raised complaints that had been investigated.  Defendants state that Paragraph 29 contains a litany or purported recitation from that meeting that is either factually inaccurate, untrue, incomplete and taken out of context, overly vague or ambiguous, and accordingly, Defendants deny any remaining allegations in this paragraph 29 of the Complaint.

**COMPLAINT ¶ 30**:  Thomas also told Ms. Schlueter that he authored the January 2006 anonymous complaint regarding Mr. Sproat's behavior at the trade show and training meeting.

**ANSWER**:    Defendants admit that when Plaintiff met with Ms. Schlueter on July 17, 2006, he informed her that he had authored a January 2006 anonymous letter, and Defendants admit that the letter is a written instrument that speaks for itself.  Defendants deny any remaining allegations in this paragraph 30 of the Complaint.

**COMPLAINT ¶ 31**:  Thomas also told Ms. Schlueter that he believed Mr. Tenzer was taking these actions against him because of his age and/or as retaliation because Thomas complained about Mr. Sproat's behavior.

**ANSWER**:    Defendants admit that Plaintiff and Patterson Medical Human Resources Director met on July 17, 2006, and that during that meeting, among other things, Plaintiff accused Mr. Tenzer of age discrimination and retaliation.    Defendants deny any remaining allegations in this paragraph 31 of the Complaint.

**COMPLAINT ¶ 32**:    Following Thomas' complaints to Ms. Schlueter, Mr. Tenzer continued to falsely criticize Thomas' work performance, to hold him to higher standards of performance than other similarly situated employees, to threaten him with termination, and to otherwise discriminate and retaliate against him.

**ANSWER**:    Defendants deny the allegations contained in this paragraph 32 of the Complaint.

**COMPLAINT ¶ 33**:  On August 23, 2006, Ms. Schlueter wrote to Thomas advising him that she determined his complaints were either unsubstantiated, and/or, in the case Thomas' January 2006 complaints, that action had already been taken.

**ANSWER**:    Defendants admit that Ms. Schlueter wrote to Plaintiff on August 23, 2006, and that the two-page, single space letter that she sent is a written instrument that speaks for itself.  Defendants deny any remaining allegations in this paragraph 33 of the Complaint.

**COMPLAINT ¶ 34**:  By September 15, 2006, Mr. Tenzer's continued discriminatory and retaliatory actions against Thomas, combined with Patterson's decision to take no remedial action in response to Thomas' complaint, resulted in his working conditions being so intolerable that he was forced to resign from his employment with Patterson.

**ANSWER**:    Defendants admit that Plaintiff quit working for Patterson Medical.

Defendants deny any remaining allegations in this paragraph 34 of the Complaint.

**COMPLAINT ¶ 35**:  At all relevant times, Thomas' work performance met or exceeded Patterson's legitimate expectations.

**ANSWER**:    Defendants deny the allegations contained in this paragraph 35 of the

Complaint.

**COMPLAINT ¶ 36**:  Following the termination of his Patterson employment, Patterson continued to discriminate and/or retaliate against Thomas by taking adverse action against him including, but not limited to, falsely alleging he had various continuing legal obligations to Patterson, and that he may have breached one or more of these phantom obligations.

**ANSWER**:    Defendants deny the allegations contained in this paragraph 36 of the

Complaint.

## COUNT I:  DISCRIMINATION IN VIOLATION OF ADEA

**COMPLAINT ¶ 37**:  Thomas realleges and reaffirms the allegations of paragraphs 1 through 36, above, and sets them forth as paragraphs 37 of Count I, *in haec verba*.

**ANSWER**:    Defendants incorporate by reference its responses to the allegations

contained in paragraph 1 through 36, above, as their response to this paragraph 37 of the

Complaint.

**COMPLAINT ¶ 38**:  It is unlawful under the ADEA for an employer such as Patterson to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; or, to limit, segregate, or classify its employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age.  See 29 U.S.C. § 623(a).

**ANSWER**:    Paragraph 38 contains legal conclusions to which no response is required.

To the extent a response is required, and to the extent liability is implied, Defendants deny any

and all allegations.

**COMPLAINT ¶ 39**:  Patterson's discriminatory and/or retaliatory behavior as described above, coupled with its refusal to take any remedial action, made Thomas' working conditions so intolerable that a reasonable person would have been compelled to resign.

**ANSWER**:    Defendants deny the allegations contained in this paragraph 39 of the Complaint.

**COMPLAINT ¶ 40**:    Here, Patterson committed various adverse and damaging acts and/or engaged in various adverse conduct towards Thomas including, but not limited to, the adverse actions described above, and the constructive termination his employment in September 2006, because of his age in violation of the ADEA.

**ANSWER**:    Defendants deny the allegations contained in this paragraph 40 of the Complaint.

**COMPLAINT ¶ 41**:    As a direct and proximate result of Patterson's illegal conduct as described above, Thomas has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER**:    Defendants deny the allegations contained in this paragraph 41 of the Complaint.

**COMPLAINT ¶ 42**:    Patterson knew that its discriminatory acts were prohibited by the ADEA, or acted with reckless disregard to that possibility.

**ANSWER**:    Defendants deny the allegations contained in this paragraph 42 of the Complaint.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever in pursuing this Count I of this Complaint.

## COUNT II:  RETALIATION IN VIOLATION OF THE ADEA

**COMPLAINT ¶ 43**:    Thomas realleges and reaffirms the allegations of paragraphs 1 through 36, above, and sets them forth as paragraph 43 of Count II, *in haec verba*.

**ANSWER**:  Defendants incorporate by reference its responses to the allegations contained in paragraph 1 through 36, above, as their response to this paragraph 43 of the Complaint.

**COMPLAINT ¶ 44**:  It is unlawful under the ADEA for an employer such as Patterson to discriminate against any employee because such employee has opposed any practice made unlawful by the ADEA, or because such employee has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or litigation under the ADEA.  See 29 U.S.C. § 623(d).

**ANSWER**:  Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, and to the extent liability is implied, Defendants deny any and all allegations.

**COMPLAINT ¶ 45**:  Thomas at all relevant times in good faith believed that the ageist practices and acts of Mr. Tenzer that he complained about in July 2006 as described above violated the law.

**ANSWER**:  Defendants deny the allegations contained in this paragraph 45 of the Complaint.

**COMPLAINT ¶ 46**:  Thomas' age discrimination and retaliation complaints as described above, individually and collectively constitute protected activity under the ADEA.  See 29 U.S.C. § 623(d).

**ANSWER**:  Defendants deny the allegations contained in this paragraph 46 of the Complaint.

**COMPLAINT ¶ 47**:  Patterson was aware of Thomas' protected activities and took retaliatory adverse actions against him including, but not limited to, those described above, because of such protected activities in violation of section 623(d) of the ADEA.

**ANSWER**:  Defendants deny the allegations contained in this paragraph 47 of the Complaint.

**COMPLAINT ¶ 48**:  Patterson's discriminatory and/or retaliatory behavior as described above, coupled with its refusal to take any remedial action, made Thomas' working conditions so intolerable that a reasonable person would have been compelled to resign.

**ANSWER**:    Defendants deny the allegations contained in this paragraph 48 of the Complaint.

**COMPLAINT ¶ 49**:    As a direct and proximate result of the Patterson's illegal retaliation as described above, Thomas has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits in a sum to be proven at trial, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER**:    Defendants deny the allegations contained in this paragraph 49 of the Complaint.

**COMPLAINT ¶ 50**:    Patterson knew that is retaliatory acts were prohibited by the ADEA, or acted with reckless disregard to that possibility.

**ANSWER**:    Defendants deny the allegations contained in this paragraph 50 of the Complaint.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever in pursuing this Count II of this Complaint.

## COUNT III:  RETALIATION IN VIOLATION OF TITLE VII

**COMPLAINT ¶ 51**:    Thomas realleges and reaffirms the allegations of paragraphs 1 through 36, above, and sets forth as paragraph 51 of Count III, *in haec verba*.

**ANSWER**:    Defendants incorporate by reference its responses to the allegations contained in paragraph 1 through 36, above, as their response to this paragraph 51 of the Complaint.

**COMPLAINT ¶ 52**:    It is unlawful under Title VII for an employer such as Patterson to discriminate against Thomas because Thomas opposed any practice made (sic) an unlawful employment practice by Title VII. See 42 U.S.C. § 2000e-3(a).

**ANSWER**:    Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, and to the extent liability is implied, Defendants deny any

and all allegations in this paragraph 52 of the Complaint.

**COMPLAINT ¶ 53**:   Thomas at all relevant times in good faith believed that the practices and acts of Mr. Sproat that he complained about in October 2005, January 2006, and again July 2006 as described above were illegal sex discrimination and/or harassment in violation of Title VII.

**ANSWER**:   Defendants deny the allegations contained in this paragraph 53 of the Complaint.

**COMPLAINT ¶ 54**:   Thomas' sex discrimination and harassment complaints as described above, individually and collectively constitute protected activity under Title VII.

**ANSWER**:   Defendants deny the allegations contained in this paragraph 54 of the Complaint.

**COMPLAINT ¶ 55**:   Patterson was aware of Thomas' protected activities and took retaliatory adverse actions against him including, but not limited to, those described above, because of such protected activities in violation of Title VII.

**ANSWER**:   Defendants deny the allegations contained in this paragraph 55 of the Complaint.

**COMPLAINT ¶ 56**:   Patterson's discriminatory and/or retaliatory behavior as described above, coupled with its refusal to take any remedial action, made Thomas' working conditions so intolerable that a reasonable person would have been compelled to resign.

**ANSWER**:   Defendants deny the allegations contained in this paragraph 56 of the Complaint.

**COMPLAINT ¶ 57**:   Patterson knew that its retaliatory acts were prohibited by Title VII, or acted with reckless disregard to that possibility.

**ANSWER**:   Defendants deny the allegations contained in this paragraph 57 of the Complaint.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever in pursuing this Count III of this Complaint.

Unless otherwise and expressly admitted herein, Defendants deny each and every allegation contained in Plaintiff's Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted, and Plaintiff cannot meet the jurisdictional elements of proof for a claim of discrimination or retaliation under the Age Discrimination in Employment Act and/or Title VII of the Civil Rights Act.

### SECOND DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by his failure to comply with the jurisdictional, procedural, and administrative prerequisites for filing this action.

### THIRD DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by his failure to institute this action within the time required under the applicable statutes of limitations.

### FOURTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of waiver, estoppel, accord and satisfaction, non-performance, ratification, laches and/or preemption by the Illinois workers' compensation laws.

### FIFTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by his failure to mitigate his damages as required by law.

### SIXTH DEFENSE

Plaintiff's claims for damages are or may be barred, in whole or in part, by his own

intentional or negligent acts or omissions, or by intentional or negligent acts or omissions of those other than Defendants or for which Defendants are not responsible.

### SEVENTH DEFENSE

Plaintiff's Complaint fails because Defendant(s) exercised reasonable care with respect to any harassing, discriminatory, retaliatory or unlawful behavior that may be or have been alleged by Plaintiff, and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant(s), or to otherwise avoid harm.

### EIGHTH DEFENSE

Plaintiff's Complaint fails on the grounds that any action taken by Defendant(s) was taken in good faith, and reasonably necessary for the normal operation of the business, and was based on legitimate, reasonable and non-discriminatory and non-retaliatory business actions.

### NINTH DEFENSE

Plaintiff is barred from recovering a remedy to the extent that he engaged in misconduct, violation of Company policies, or other conduct that would have resulted in his termination, or would have precluded him from obtaining employment with Defendant(s), had such conduct been discovered.

### TENTH DEFENSE

Plaintiff's Complaint fails to the extent that, as reflected above and in this Answer, Plaintiff has sued the improper corporate defendant. Plaintiff's employer was Patterson Medical Supply, Inc., not Patterson Companies, Inc., and Patterson Companies, Inc. should not be a Defendant in this case.

### ELEVENTH DEFENSE

Plaintiff's Complaint fails to the extent that in the event Plaintiff continues to name

18

Patterson Companies, Inc. as a Defendant, Plaintiff failed to exhaust his administrative remedies with respect to that Defendant, he did not name that entity in his administrative Charge, and he has not and cannot perfect his right to sue that entity.

## TWELFTH DEFENSE

Defendant(s) maintain and enforce a policy prohibiting discrimination and retaliation, and they make good faith efforts to prevent discrimination from occurring in the workplace. Accordingly, Plaintiff is not entitled to recover punitive damages.

## THIRTEENTH DEFENSE

Plaintiff's Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory, exemplary, or punitive damages against Defendant, and Plaintiff's request for injunctive relief fails to state a claim and should be dismissed because there is no risk of irreparable injury or harm, there is an adequate remedy available at law, and a balancing of the equities does not favor the issuance of such relief.

## FOURTEENTH DEFENSE

At the time this Answer is filed, discovery has not yet been completed. Thus, Defendants reserve the right to add such further or supplemental defenses as may be warranted by the information developed, learned, or become apparent through discovery.

**WHEREFORE**, Defendants deny that Plaintiff Thomas P. Clifford is entitled to judgment in any amount whatsoever, and Defendants respectfully submit that the entire Complaint should be dismissed in its entirety on the merits and with prejudice, and that Defendants be awarded fees and costs for defense, and such other relief as the Court deems just and proper.

April 14, 2008

s/ Kathryn Mrkonich Wilson
Kathryn Mrkonich Wilson (#6201667)
**LITTLER MENDELSON, P.C.**
80 South 8th Street
1300 IDS Center
Minneapolis, MN  55402.2136
Telephone: 612/630.1000
Facsimile: 612/630.9626

*and*

Shanthi V. Gaur (#06224996)
**LITTLER MENDELSON, P.C.**
200 North La Salle Street
Suite 2900
Chicago, IL 60601.1014
Telephone: 312/372.5520
Facsimile: 312/372-7880

**ATTORNEYS FOR DEFENDANTS**

Firmwide:84792223.1 015759.1028